UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:25-cv-00255-NT |
| | ) |
| DETECTIVE MICHAEL | ) |
| BACHELDER, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint against Skowhegan Police Department, Bangor Police Department, and Michael Bachelder, a detective with the Skowhegan Police Department, alleging that he was falsely arrested and treated unfairly in a separate state criminal proceeding. (Complaint, ECF No. 1.)  Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 5.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**BACKGROUND**

Plaintiff alleges that in 2020, Defendant Bachelder contacted him about a disputed debt. (Complaint ¶ 7.)  On April 4, 2021, Plaintiff informed Defendant Bachelder that he

expected to file a Chapter 13 bankruptcy petition. (*Id.* ¶ 8.) According to Plaintiff, he filed for bankruptcy on April 15, 2021. (*Id.* ¶ 9.) Plaintiff asserts that despite knowledge of the bankruptcy filing, Defendant Bachelder ordered Plaintiff's arrest on May 7, 2021, in violation of the automatic bankruptcy stay codified in 11 U.S.C. § 362. (*Id.* ¶¶ 10–12.)

Plaintiff further alleges that in a criminal state court proceeding, the presiding judge declined to hear Plaintiff's motion to dismiss, and Plaintiff was encouraged to enter a plea without adjudication of the motion to dismiss. (*Id.* ¶¶ 13–15.) Plaintiff maintains that he entered a guilty plea under duress and was denied due process. (*Id.* ¶ 16.) Plaintiff contends he was not treated the same as another similarly situated criminal defendant. (*Id.* ¶¶ 18–19.) Plaintiff alleges claims of false arrest, the violation of his procedural due process rights, and the violation of the automatic stay in bankruptcy.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's claims against the Skowhegan and Bangor Police Departments are claims against the municipalities of Skowhegan and Bangor. *See Henschel v. Worcester Police Dep't*, 445 F.2d 624, 624 (1st Cir. 1971) (dismissing claim under 42 U.S.C. § 1983 against police department because it was not suable entity apart from the municipality). Municipal or governmental entities, like Skowhegan and Bangor, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). For a municipality to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability for either municipality. Plaintiff, therefore, has not alleged an actionable claim against the municipalities of Skowhegan and Bangor.

Plaintiff alleges that Defendant Bachelder participated in Plaintiff's false arrest by

contacting him and arranging for his arrest in violation of the automatic bankruptcy stay. "In general, an arrest is lawful under the Fourth Amendment if the police officer has probable cause." *Brady v. Whitefield Police Dep't*, No. 19-cv-00147-JL, 2019 WL 2720783, at *3 (D.N.H. June 13, 2019); U.S. Const. amend. IV (prohibiting unreasonable searches and seizures).[1]

Title 11 U.S.C. § 362(a) generally provides that all actions to collect a debt are stayed upon the filing of a bankruptcy petition. The stay, however, does not apply to the "commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). The alleged violation of the automatic stay is the sole basis of Plaintiff's false arrest claim. Because the commencement of criminal proceedings against Plaintiff based on an alleged unpaid debt is not subject to the automatic stay and because Plaintiff has alleged no other facts that would support a claim for false arrest, Plaintiff's false arrest claim and his separate claim for the violation of the automatic stay must fail.

Plaintiff's attempt to assert a due process claim based on proceedings in state court is also unavailing. First, other than the arrest, Plaintiff alleges no facts regarding the named defendants' involvement in the state court proceedings. Furthermore, because the proceedings resulted in a criminal judgment, Plaintiff is required first to challenge successfully the judgment through the state court system before bringing his claims in

---

[1] Although false arrest may also be a state tort claim, *see Borlawsky v. Town of Windham*, No. CV-99-426, 2004 WL 1433634, at *4 (Me. Super. Ct. Mar. 30, 2004), Plaintiff seeks to recover for his alleged false arrest under § 1983.

federal court. Federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). The proper avenues for collaterally attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. §§ 2254 or 2255. *See, e.g.*, *Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction. Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983. *Id.* at 487.

Finally, to the extent Plaintiff's filing could be construed as an attempt to allege an Equal Protection claim, Plaintiff fails. Plaintiff's allegations could be considered as an attempt to assert a "class-of-one" Equal Protection claim. "In a class-of-one claim, the plaintiff must show that he or 'she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Back Beach Neighbor Comm. v. Town of Rockport*, 63 F.4th 126, 130 (1st Cir. 2023) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). The mere fact that

another criminal defendant received a different sentence than Plaintiff is insufficient to state an actionable class-of-one claim. Plaintiff has alleged no facts that would support the conclusion that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of August, 2025.